Timothy M. Bechtold
**BECHTOLD LAW FIRM PLLC**
P.O. Box 7051
Missoula, MT 59802
Telephone: (406) 721-1435
tim@bechtoldlaw.net
eli@bechtoldlaw.com

John Heenan
**HEENAN & COOK**
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
john@lawmontana.com

Samir F. Aarab
Caitlin Boland Aarab
**BOLAND AARAB PLLP**
18 Sixth Street N, Suite 200
Great Falls, MT 59401
Telephone: (406) 315-3737
sfaarab@bolandaarab.com
cbaarab@bolandaarab.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| HEAVENLEE SEARS, JORDAN AHENAKEW, CHARLOTTE ANDRADE, COLE BAD HAWK, MATTHEW BATTLE, CRYSTAL BLAKELY, BRADLEY BOULDUC, KYLE BROCKIE, SHAWNA BROWN, JOSEPH BROWN SR., MARSHALL BUCK | Cause No. CV-25-108-GF-JTJ<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| ELK, EMMETT BUCKLES III, PERRY BULLOCK, MARK BURGESS, AMBER BURNETT, TYLOR BUTTOLPH, TWILA COCHRAN, ERIC COMBASS, TARAH COUTURE, MONTANA COVINGTON, CHAZ COX, TRAVIS DABLER, ROSS DALE, CODY DAVIDSON, SARAH DAVIS, NEVAEH DECELLES-GUARDIPEE, JOE DEMONTINEY, CHRISTOPHER DEMONTINEY BULL, ALBERT DENNY, TYLER DILLON, TRISTAN DODGE, MARSHAL DUBOIS, ERYN FERGUSON, HEATHER FOX, JAMES GUARDIPEE III, KAYLOB GARFIELD, DANIEL GARZA, ANGELA GONYEA, MICHAEL HAGMAN, JESSY JAMES ZACHARIAH HARWOOD, PATRICK HENDERSON, JONATHAN HENDERSON, KASEY HUGS, TORI HUTZENBIELER, KAYLEE JACKSON, TAISA JAIMES, JEZREAL KERR, JENELL LEO, HOLLEY LEO, KYLE LEWELLEN, ALISSA LOCKMAN, GLORIA LUCERO, JOSHUA LYONS, MICHAEL MAHSEELAH, RUSTY MARCEAU, ANTHONY MELBOURNE, MICHAEL | |

| | |
|---|---|
| MIZENKO, PAYTON MONTCLAIR, DAVID MOORSE, STEPHANIE NAVA, RICHARD NIEMAN, JORDAN JONATHAN NORUNNER, BLAINE OLDS, KATRINA PALMER, ALBERO PICOTTE JR., JAYLENE PINKERTON, CHRISTOPHER PLOUFFE, SIDNEY PUDERBAUGH, DANIELLE REBIMBAL, JOSEPH REGIMBAL JR., JAMES REYNOLD SR., FELICIA ROBERTS, PAYTON SALIVA, NEIL SAMOY, CHARLES SANCHEZ, FRANK SANCHEZ, KOLBY SCHMIDT, JAMES SCHRECK, RYAN SHARP, GORDON SMALL, SASHEN SMITH, EVAN SPRY, KELSEY STAIGMILLER, SIERRA STANLEY, LANCE STODDARD SR., HUNTER UNFRED, RAVEN VOLKOMENER, MICHAEL WAKEFORD, DIANE WALTERS, BRANDON WEASELBOY, RUSSELL WEAVING, CANDEN WILKE, ROBERT AHENAKEW, BRIAN AZURE, CURTIS BABBITT, ERIC BARTLETT, MARITA BEAR, NICHOLAS BENJAMIN, JENNA BLAIR, ROBERT BURSHIA JR., DAMON CASTILLO SR., DANIEL CHAPMAN, FORREST | |

| | |
|---|---|
| CHURCH, MITCHELL CONWAY, DANIEL CRISTOFANO, SHAUN DEBERRY, JAMES DENNIS, ABRIANNE DESERLY, MICHAEL DOWNING, BRYLYNN FARMER, LAWRENCE FASTHORSE, JOHN FOWLER, KALEB FREYHOLTZ, JEREMIAH GIDEON, RODNEY GLADUE JR., AUSTIN GOINGS, HARMONIE GRAY WAGNER, JOEL HADLEY III, AUSTIN HAGMAN, JORDAN HATCH, GABRIEL HAZARD, JOHN HOLTZ, DEVLIN HOWARD, JOHNNY HUNTER, THOMAS JONES, RONALD KEMP, MONTIE KOMEOTIS, LILLIAN LAPIER, CHRISTOPHER LEDEAU, FRANCISCO LITTLE YOUNG MAN, ECHO LONG, LATISA LUJAN, EMIL LUNDSTROM, NAKITA MARTIN, EUSEBIO MCGILLIS, JAYLEE MARSETTE, RONALD MUDD, LEVI NEWTON, WILLIAM NOTTINGHAM, RONALD PEARCE, OLIVER PEROTI, SARAH PFAFF, JUSTIN POPIEL-HANSON, DALTON POWER, DIALLO REDD, DEREK RIGHTHAND, EMILIO RIVENES, JUAN | |

| | |
|---|---|
| RODRIGUEZ, COREY ROGERS, JOSHUA SCHMIEDEKE, SCOTT SCHOENEN, COLIN SCHWARTZ, TRISTEN SEE JOHNSON, JUSTIN SHAW, NEWLY SIVERTSEN, ADAM SMITH, TYLER SNYDER, JASON SPADT, SHELDEN THIBERT, KEVIN TROMBLEY, VINCENT VILLA, JAMES WALKER, JENNIFER WALKINGEAGLE, JEREMY WELLING, JOHN WHEELER, ERIC WICK, DAVID WILLMAN, STEVEN WILSON, FRED WOODS and BLAINE YANDELL<br><br>Plaintiffs,<br><br>v.<br><br>SUMMIT FOOD SERVICE, LLC, TASHA CUMMINS, and JOY SMITH,<br><br>Defendants. | |

Plaintiffs bring this action against Defendants Summit Food Service, LLC, ("Summit"), Tasha Cummins, and Joy Smith and submit their Complaint and Demand for Jury Trial as follows:

## **SUMMARY OF ACTION**

1. Plaintiffs were each inmates in the Cascade County Detention Center ("CCDC") on or about September 28, 2025, and bring

this action against Defendants for negligence and other violations in the service of food contaminated by human blood to CCDC inmates on that date.

2. Summit is a South Dakota based company that was providing food services at CCDC on or about September 28, 2025.

3. Tasha Cummins was an employee acting in the course and scope of her employment with Summit who was participating in and supervising the preparation and serving of the meal at issue at CCDC on September 28, 2025.

4. Joy Smith was an employee acting in the course and scope of her employment with Summit who was participating in and supervising the preparation and serving of the meal at issue at CCDC on September 28, 2025.

5. Summit, through its employees acting in the course and scope of their employment, served food it knew or should have known was contaminated by human blood to Plaintiffs at CCDC on or about September 28, 2025.

6. The individual whose blood contaminated the food at issue was positive for Hepatitis C.

7. Plaintiffs were each provided food contaminated by human blood by Defendants on or about September 28, 2025 and were thereby damaged.

8. Through this Complaint, Plaintiffs seek to remedy these harms for being served food contaminated with Hepatitis C infected human blood on or about September 28, 2025, by Defendants.

## JURISDICTION AND VENUE

9. Plaintiffs are citizens and residents of Montana.

10. Summit is a New Mexico limited liability company with its principal place of business in South Dakota.

11. On information and belief, Tasha Cummins is a citizen and resident of Montana.

12. On information and belief, Joy Smith is a citizen and resident of Montana.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims under 42 U.S.C. § 1983 arise under the Constitution of the United States.

14. The exercise of personal jurisdiction over Defendants comports with both due process and Montana's long-arm statute as each

Defendant is either found in Montana or purposefully directed activities into Montana. Moreover, Plaintiffs' claims arise out of this contact with Montana, including the transaction of business within Montana, entry into a contract for services to be rendered in Montana, and the commission of acts resulting in the accrual of a tort action within Montana.

15. Venue is proper in the Great Falls Division pursuant to Local Rule 1.2(c)(3) and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Cascade County, Montana.

## FACTUAL ALLEGATIONS

16. On September 28, 2025, Defendants were preparing food and supervising the preparation of food to be served for lunch to inmates at CCDC that same day.

17. At approximately 11:12 a.m. that day, an individual inmate working on preparing and serving food while being supervised by Defendants Cummins and Smith suffered a nosebleed during preparation of the meal.

18. The individual's blood contaminated the food being prepared.

19. Another individual inmate being supervised by Defendants Cummins and Smith witnessed the contamination and attempted to dispose of the contaminated food.

20. Defendant Cummins prohibited the individuals from disposing of the contaminated food despite being informed of the contamination, explaining that inmates could "scoop around" the blood.

21. Defendant Cummins directed the inmates to place the contaminated food back into the serving line.

22. On information and belief, Defendant Smith was supervising Defendant Cummins and was promptly informed of the incident and, despite

knowing that blood had contaminated food, failed to ensure that the contaminated food was removed from the meal prior to service.

23. The individual whose blood fell into the food was positive for Hepatitis C.

24. The blood-contaminated food was ultimately served to inmates of CCDC on September 28, 2025.

25. Plaintiffs here were each inmates of CCDC who were served the contaminated food on September 28, 2025.

26. Plaintiffs each either saw the blood in the tray of food served to them on September 28, 2025, or were later made aware that the food they had been served was contaminated with human blood.

27. Plaintiffs were each subsequently made aware that the individual whose blood had contaminated the food served to them on September 28, 2025, was positive for Hepatitis C.

28. Plaintiffs experienced, among other things, revulsion, disgust, anger, horror, humiliation, embarrassment, despair, anxiety, worry, concern, and nausea at being served food contaminated with human blood.

29. Plaintiffs experienced, among other things, further revulsion, disgust, anger, horror, humiliation, embarrassment, despair, anxiety, worry, concern, and nausea when they were informed that the blood in the food was positive for Hepatitis C.

30. Plaintiffs have been offered bloodborne pathogen testing after the incident on September 28, 2025, and have been informed they will need to re-test 60 to 90 days after initial testing.

31. Some of Plaintiffs have had to pay for their own bloodborne pathogen testing.

32. Some of Plaintiffs have since tested positive for the first time in their lives with Hepatitis C.

33. Plaintiffs who have tested positive for Hepatitis C for the first time after the incident on September 28, 2025, have experienced further revulsion, disgust, anger, horror, humiliation, embarrassment, despair, nausea, anxiety, worry, and concern, among other things, as a result of being informed they have Hepatitis C and have further experienced, among other things, jaundice, weight loss, confusion, and fatigue.

34. Plaintiffs who have tested positive for Hepatitis C for the first time after the incident on September 28, 2025, have incurred medical expenses and are likely to incur additional medical expenses in the future treating Hepatitis.

## FIRST CAUSE OF ACTION
## Negligence

35. Plaintiffs incorporate the above allegations as if fully set forth here.

36. Defendants assumed or otherwise owed Plaintiffs a duty of care to prevent food Defendants knew or should have known was contaminated with human blood from being served to Plaintiffs.

37. Defendants breached this duty of care by prohibiting the disposal of food Defendants knew or should have known was contaminated with human blood and serving the contaminated food to Plaintiffs.

38. Summit negligently trained and/or supervised Defendants Cummins and Smith by failing to ensure that both understood basic sanitation requirements for the preparation and distribution of food.

39. Summit is liable for the actions of Defendants Cummins and Smith who were acting in the course and scope of employment with Summit at all relevant times.

40. Defendants' negligence caused Plaintiffs to suffer revulsion, disgust, anger, horror, humiliation, embarrassment, despair, anxiety, worry, concern, and nausea as a result of being served with, or learning that they had been served with food contaminated with human blood positive for Hepatitis C.

41. Defendants' negligence caused those Plaintiffs who have since testified positive for Hepatitis C for the first time in their lives to suffer further revulsion, disgust, anger, horror, humiliation, embarrassment, despair, nausea, anxiety, worry, and concern as a

result of testing positive, pain and suffering as a result of having Hepatitis C, and past and future medical expenses related to treating Hepatitis C.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983

42. Plaintiffs incorporate the above allegations, as if fully set forth here.

43. Defendants were engaged in the performance of a traditional government function of incarceration in providing food to inmates at CCDC and were, consequently, state actors at all times relevant to Plaintiffs' Complaint.

44. Defendants Cummins and Smith knew or should have known that human blood in food served to inmates had substantial risk of harming inmates who ingested the human blood and disregarded that risk and reprimanded the individual who attempted to dispose of the food and instead directed the food to be placed back into the service line.

45. Defendants Cummins' and Smith's conduct was inconsistent with contemporary standards of decency, shocks the conscious, and was deliberately indifferent to Plaintiffs' rights protected by the Eighth and

Fourteenth Amendments to the United States Constitution—specifically Plaintiffs' rights to be free from cruel and unusual punishment, rights to basic human needs including adequate food and sanitation, and rights to substantive due process.

46. Administrative remedies have been unavailable to Plaintiffs, or some of them, owing to the temporary nature of confinement and/or transfers to other facilities.

**<u>THIRD CAUSE OF ACTION</u>**
**Violation of Plaintiffs' Montana Constitutional Rights**

47. Plaintiffs incorporate the above allegations, as if fully set forth here.

48. Defendants are state actors and entities subject to the Montana Constitution.

49. Plaintiffs are persons protected by the Montana Constitution.

50. The Montana Constitution, Article II, §17 provides: "No person shall be deprived of life, liberty, or property without due process of law."

51. Pursuant to the Montana Constitution, see *Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Plaintiffs have the fundamental,

inalienable, and self-executing rights not to be deprived of life, liberty, or property without due process of law; not to be deprived the equal protection of the laws; to be free from unlawful incarceration; and to be free from excessive use of force.

52. These Constitutional Rights are fundamental, self-executing, and violations of these rights are remedied by injunctive, declaratory, and monetary damages.

53. Defendants' acts and omission related to the incident described above violated Plaintiffs' rights established by the Montana Constitution.

54. The acts and omissions of Defendants related to the incident described violated Plaintiffs' rights under the Montana Constitution.

55. Plaintiffs have the right to seek recourse against those who violate their constitutional rights.

56. Plaintiffs are entitled to compensatory damages and attorneys' fees for Defendants' violations of their state constitutional rights.

## FOURTH CAUSE OF ACTION
**Battery**

57. Plaintiffs incorporate the above allegations, as if fully set forth here.

58. Defendants Cummins and Smith knowingly caused harmful or offensive contact through contaminated food without Plaintiffs' consent, which constitutes battery under Montana law.

59. Plaintiffs suffered harm from the contact with contaminated food, including physical harm, emotional distress, and offense to their personal dignity.

60. Defendants Cummins and Smith were acting at all relevant times in the course and scope of her employment with Summit and in pursuit of the interests of Summit.

61. Summit is vicariously liable for the conduct of Defendants Cummins and Smith.

## FIFTH CAUSE OF ACTION
**Punitive Damages**

62. Plaintiffs incorporate the above allegations as if fully set forth here.

63. Defendants Cummins and Smith acted knowingly, deliberately, intentionally, and maliciously without regard for Plaintiffs' rights, interests, and well-being.

64. Defendants Cummins and Smith exhibited a reckless or callous disregard for Plaintiffs' rights and well-being, and their conduct was precipitated by evil motive or intent.

65. Defendants Cummins and Smtih were acting at all relevant times in the course and scope of her employment with Summit and in pursuit of the interests of Summit.

66. Summit is vicariously liable for the conduct of Defendants Cummins and Smith.

67. Defendants' unlawful acts and omissions were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Plaintiffs. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221, in the amount that a jury at trial finds to be sufficient to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendants is unacceptable in our society and will not be tolerated.

## JURY DEMAND

68. Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Orders:

A. entering judgment for Plaintiffs;

B. awarding Plaintiffs compensatory and punitive damages;

C. awarding Plaintiffs attorneys' fees;

D. awarding pre- and post-judgment interest as prescribed by law; and

E. granting such further and other relief as may be just and proper.

Respectfully submitted July 6, 2026.

By: *<u>/s/Timothy M. Bechtold</u>*
Timothy M. *Bechtold*
**BECHTOLD LAW FIRM**
Attorney for Plaintiffs

By: *<u>/s/John Heenan</u>*
John Heenan
**HEENAN & COOK**
Attorneys for Plaintiffs

By: /s/ *Samir F. Aarab*
Samir F. Aarab
**BOLAND AARAB PLLP**
Attorney for Plaintiffs

By: /s/ *Caitlin Boland Aarab*
Caitlin Boland Aarab
**BOLAND AARAB PLLP**
Attorney for Plaintiffs

## Certificate of Service

I hereby certify that on July 6, 2026, a copy of the foregoing document was served on the following persons by the following means:

1,2___CM-ECF
_____Hand Delivery
_____Mail
_____Overnight Delivery Service
_____Fax
_____E-mail

1. Clerk, United States District Court

2. Summit Food Service, LLC
   500 East 52nd Street
   Sioux Falls, SD 57104
   Attorney for Defendant

By: /s/ *Samir F. Aarab*
Samir F. Aarab
BOLAND AARAB PLLP
Attorney for Defendant